REPUBLIC INSURANCE COMPANY, A TEXAS CORPORATION AUTHORIZED TO DO BUSINESS IN N. J., GLOBAL DEVELOPMENT CORPORATION, A N. J. CORPORATION AND MEANEY INSURANCE SERVICES, A N. J. CORPORATION, PLAINTIFFS-RESPONDENTS, v. THE MAYOR AND COUNCIL OF THE BOROUGH OF SOUTH PLAINFIELD, A BODY POLITIC, MIDDLESEX COUNTY, N. J., DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued April 28, 1981—Decided May 15, 1981.

Before Judges MATTHEWS, MORTON I. GREENBERG and COLEMAN.

*Sanford E. Chernin* argued the cause for appellants (*Chernin & Freeman*, attorneys).

*Sanford C. Vogel* argued the cause for respondents (*Reid, Vogel & Gast*, attorneys).

PER CURIAM.

Defendant appeals from an order for summary judgment in favor of plaintiffs Republic Insurance Company, Global Development Corporation and Meaney Insurance Services. Republic Insurance Company is a Texas corporation authorized to carry on the insurance and bonding business in New Jersey pursuant to *N.J.S.A.* 17:17–1(g). Republic Insurance Company served as surety to the principal, Global Development Corporation, on a performance bond for the construction of the Birchwood Manor Development in South Plainfield.

By a letter dated April 10, 1979 the Borough of South Plainfield's engineer advised Global Development Corporation and the borough that the improvements required for the subdivision had been satisfactorily completed and that the performance bond could be released upon written request to the borough's governing body upon the posting of a two-year maintenance bond. When the president of Global Development Corporation delivered the maintenance bond with Global Development Corporation as principal and Republic Insurance Company as surety, however, the borough clerk informed him that bonds written by Republic Insurance Company will no longer be accepted by South Plainfield. The clerk requested Global Development Corporation to arrange for a bond from a different insurance company to replace the rejected bond.

The borough's refusal to accept bonds from Republic Insurance Company stems from a prior suit wherein the borough was victorious and had judgment entered against Republic Insurance Company as surety and K.O.D.D. Development Company as principal on a performance bond. Republic Insurance Company refused to satisfy the judgment and when the borough attempted to levy against Republic Insurance Company's securities on deposit with the State Department of Insurance, it was informed that there were no such securities on deposit with the State. Finally, K.O.D.D. Development Company paid the judgment without resort to its surety, Republic Insurance Company.

In the instant case, Global Development Corporation has attempted to be heard at borough council meetings as to whether the maintenance bond will be substituted for the performance bond, both of which have Republic Insurance Company as surety, but no action was taken by the borough to either grant or deny the requested action. According to Global Development Corporation's president, he has also attempted to procure a maintenance bond from other companies but has been advised that no company will post its maintenance bond for the performance bond of another company.

Summary judgment was granted in favor of plaintiffs ordering the borough to accept Republic Insurance Company as surety on the maintenance bond and to release the performance bond. The borough appeals, claiming that (1) summary judgment was inappropriate because factual issues were in dispute and discovery was incomplete and (2) a municipality may condition acceptance of a performance or maintenance bond upon its approval of the surety. We disagree with both contentions.

■ Defendant borough has not substantiated its claim that summary judgment was premature. The answer filed by the borough claimed no factual disputes, nor was incomplete discovery shown in order to counter plaintiffs' motion for summary judgment. The borough did not meet its burden below of showing the existence of critical facts peculiarly within the

moving parties' knowledge so as to require that the borough be allowed to complete its discovery. *See Bilotti v. Accurate Forming Corp.*, 39 *N.J.* 184, 206 (1963).

As to the defendant borough's argument that a municipality may condition acceptance of a performance or maintenance bond upon its approval of the surety, *N.J.S.A.* 17:31–1 clearly bars a municipality from exercising its discretion in determining whether to approve properly executed bonds given by foreign insurance companies such as Republic Insurance Company which are authorized by statute to conduct business in New Jersey pursuant to *N.J.S.A.* 17:17–1(g).

While the borough arguably acted reasonably in rejecting a bond whose surety has been known by the borough to fail to satisfy its obligations, to allow the borough to reject bonds on this criteria would allow abuses which *N.J.S.A.* 17:31–1 was designed to avoid. State approval allowing foreign insurance companies to act as sureties within New Jersey is governed by statute and it is not within a borough's ability to accept or reject a bond on this basis.

Since Republic was duly authorized by statute to carry on its business in the State of New Jersey, we must compel the defendant borough to do business with Republic Insurance Company according to its established contractual and statutory obligations. We do this reluctantly, however, as we feel that the borough has not been unreasonable in its desire to reject a bond wherein the surety has been known to avoid its obligations in the recent past. While we affirm the decision of the lower court, we feel that the inadequacy of the remedy available to the borough justifies study and possible statutory revision by the Legislature.

Affirmed.